AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Tennessee

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JEFFREY GOODMAN | ) | Case No. |
| | ) | 2:26-MJ-48 |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of ____Washington____ in the

____Eastern____ District of ____Tennessee____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(5)(b) and (b)(2) | Possession of Child Pornography |
| 18 U.S.C. 2252A(a)(2)(A) and (b)(1) | Distribution of Child Pornography |

This criminal complaint is based on these facts:
See attached

☑ Continued on the attached sheet.

_____  834
*Complainant's signature*

Investigator Matthew Cope, JCPD
_____
*Printed name and title*

Sworn to before me and signed ~~in my presence~~. *by telephone.*

Date: __4/1/26__

_____
*Judge's signature*

City and state: ____Greeneville, TN____

Cynthia Richardson Wyrick, Magistrate Judge
_____
*Printed name and title*


## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. )  No. 2:26-MJ-48
)  JUDGE WYRICK
)
JEFFREY GOODMAN )

### CRIMINAL COMPLAINT

I, Matthew Cope, the complainant in this case, state that the following is true to the best of my knowledge and belief:

### COUNT ONE

The United States Attorney charges that from in or about December 19, 2023 through March 11, 2026, in the Eastern District of Tennessee and elsewhere, the defendant, JEFFREY GOODMAN, did knowingly possess or access with the intent to view any material that contained an image of child pornography as defined in Title 18, United States Code Section 2256(8), involving a prepubescent minor or a minor who had not attained 12 years of age, that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by a computer, or were produced using materials which had been mailed or shipped or transported using any means or facility of interstate or foreign commerce by any means, including by computer.

[18 U.S.C. ' 2252A(a)(5)(B) and (b)(2)]

### COUNT TWO

The United States Attorney further charges that from in or about December 19, 2023 through March 11, 2026, in the Eastern District of Tennessee and elsewhere, the defendant, JEFFREY GOODMAN, did knowingly distribute any child pornography as defined in Title 18,

United States Code ' 2256(8), that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer.

[18 U.S.C. ' 2252A(a)(2)(A) and (b)(1)]

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Matthew Cope, being duly sworn, do hereby state the following:

1.     I am an investigator with the Johnson City Police Department (JCPD) and have been so employed since 2021 and have been assigned to the Criminal Investigations Division since October 2025. I am currently assigned to the Special Victims Unit (SVU).  As an investigator, I have conducted and participated and/or supervised in a variety of criminal investigations, including investigations associated with crimes against children and computer crimes, as well as other criminal acts.

2.     I know the following from information I received first-hand and from other investigators, police officers, and/or from other individuals. As further detailed below, I believe probable cause exists to conclude that Jeffrey Goodman has violated Title 18, United States Code, ' 2252A(a)(5)(B) and (b)(2) and Title 18, United States Code, ' 2252A(a)(2)(A) and (b)(1).

3.     On May 30, 2025, Investigators with JCPD received a Cyber Tip from the Internet Crimes Against Children (ICAC) Task Force. The tip regarded four files containing child pornography that had been distributed to an unknown user. Two of the files depicted prepubescent children engaged in sexual acts, one file depicted a prepubescent female dancing nude, and one file depicted a pubescent minor engaged in sexual acts. The Cyber Tip also included a Report from the National Center for Missing & Exploited Children (NCMEC) regarding the origination of the files from MediaLab/Kik. Within the NCMEC report, the

reported username in possession of the files was "mjase1234". The user used the email address mjase2025@gmail.com to create the account. The user accessed or possessed the files using IP address 152.86.90.6. The internet service provider responsible for this IP address was BrightRidge.

4. On July 1, 2025, investigators received a second CyberTip from NCMEC involving the same IP address—152.86.90.6—and was linked to the first tip that was received on May 30, 2025.

5. The tip regarded six videos of minors engaged in sexual acts, two photographs of a nude minor, and one additional photograph of a minor in a sexualized pose, depicting a sexual act, wearing tight clothing that had been distributed to an unknown user.

6. On November 6, 2025, your affiant obtained a subpoena for subscriber information related to IP address 152.86.90.6. On November 7, 2025, I served the subpoena on BrightRidge through their Public Relations and Governmental Affairs Director. On November 13, 2025, I received the results of the subpoena.

7. Records from BrightRidge showed that the IP address of 152.86.90.6 was assigned to the service address at 402 Harbor Approach, Johnson City, Tennessee. Service at this location was registered to Jeffrey Goodman and Nichole Goodman. The broadband account was established on September 26, 2024, and the account had a current balance due as of November 7, 2025. Surveillance was later conducted and investigators confirmed that Jeffrey and Nichole Goodman lived at this address with their adult daughter.

8. On December 4, 2025, I received a notification from the ICAC Data System, that four more Cyber Tips had been linked to the tip from May 30, 2025. The tips had been linked due to the same email address, mjase2025@gmail.com, being used to distribute child sexual

assault material (CSAM). The nature of these tips was similar to the two tips previously sent by ICAC.

9. On March 11, 2026, investigators obtained a search warrant to seize all electronic devices for 402 Harbor Approach, Johnson City, TN 37601. The search warrant was executed on March 12, 2026. Jeffery Goodman's wife and adult daughter were present at the residence. Investigators were informed by Mrs. Goodman that Mr. Goodman was at work. Lt. Shane Williams and Inv. Gabriel Douglas came into contact with Mr. Goodman at his place of employment and transported him to the residence. Each of these individuals were interviewed by investigators separately. Jeffrey Goodman was interviewed by Lt. Shane Williams and Inv. Gabriel Douglas, in Lt. Williams's department-issued vehicle. Lt. Williams and Mr. Goodman sat in the front seat and Inv. Douglas sat in the back. Mr. Goodman was read his Miranda rights. He waived his rights and signed the Miranda warning advisement form. During the interview, Mr. Goodman stated that he frequently uses Telegram and Kik. He has been involved with group chats on both social media platforms. In those groups he would receive pornographic videos, including child pornography. Goodman stated that he would receive and distribute child pornography with other individuals on Telegram and Kik. Mr. Goodman believed that he has created five to seven accounts on Kik using different variants of the username -- mjase. He also used the email address of mattjase2025@gmail.com to register each account. Mr. Goodman did not disclose creating more than one Telegram account. Mr. Goodman would access Telegram and Kik on his cellphone. Mr. Goodman stated that the youngest child depicted in the pornography he received was two to three-years-old. He also sent images of children within this same age group to other people on Telegram and Kik, as well.

10. Mr. Goodman gave consent to investigators to search his phone and accounts.

11. After receiving consent, investigators conducted a manual and forensic search of Mr. Goodman's Telegram account. The date of the first chat was on December 19, 2023, with a user whose account is now deleted. The chat contained one hundred thirty-seven videos, thirty-one photos, ten files, six shared links and two graphic interchange formats (GIFs). The chat conversation ended on December 29, 2023. The user sent Mr. Goodman videos containing prepubescent and pubescent females and males engaging in sexual acts. The user then asked Mr. Goodman to send him some back, but Goodman responded that he was just getting started and needed to build his collection. The user sent links to Mr. Goodman and instructed him to use the links to build his collection. Mr. Goodman then started sending prepubescent and pubescent female and males engaging in sexual acts to the same user. Mr. Goodman had been involved in one hundred thirty-six different chat threads. In those chats he would distribute and receive CSAM similar to the first message thread described. The chat threads continued until March 11, 2026.

12. Based on the facts set forth in this affidavit, probable cause exists that Lewter did knowingly violate Title 18 United State Code, Section 2252A(a)(5)(B) and (b)(2) by possessing child pornography and did knowingly violate Title 18 United States Code, Section 2252A(a)(2)(A) and (b)(1) by distributing child pornography.

_831/_

Matthew Cope
Investigator
Johnson City Police Department

Sworn to before me and signed ~~in my presence~~ by telephone. CW
On ~~March~~ April ____1____, 2026.

CYNTHIA RICHARDSON WYRICK
UNITED STATES MAGISTRATE JUDGE